UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | **8:23-cv-02300-HDV-MAA** | Date: | **March 26, 2024** |
| Title | **Lajuana Danette White v. Fesia Davenport et al.** | | |

Present: The Honorable MARIA A. AUDERO, United States Magistrate Judge

| Cindy Delgado | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings (In Chambers):**     Order Dismissing Complaint With Leave to Amend (ECF No. 1)

## I. INTRODUCTION

On December 6, 2023, Plaintiff Lajuana Danette White ("Plaintiff") filed a Complaint alleging violations of her civil rights pursuant to 42 U.S.C. §§ 1983, 1985, and 1986. (Compl., ECF No. 1.) On January 10, 2024, the District Judge granted Plaintiff's Application to Proceed *In Forma Pauperis*. (ECF Nos. 3, 5.)

The Court has screened the Complaint and, for the reasons stated below, dismisses it with leave to amend. Plaintiff must file a response to this Order, as set forth in Part V *infra*, no later than **April 25, 2024**.

## II. ALLEGATIONS AND CLAIMS[1]

The Complaint is filed against: (1) Fesia Davenport, C.E.O.; (2) Lisa Garrett, Director of Personnel; (3) Mona Patuano, Assistant Nursing Director; (4) Renee Bernardo, Nurse Manager; (5) Grace Meza, Staff Assistant II; (6) Diane Sanchez, Clinical Nursing Director I; (7) Michelle Ner, Nurse Manager; (8) Craig Vincent-Jones, Executive Director; (9) Inell Kyles, Nursing Manager; and (10) County of Los Angeles ("County") (each, a "Defendant" and collectively, "Defendants"). (Compl. ¶¶ 1–10.)[2] Defendants Davenport, Garrett, Patuano, Bernardo, Meza, Sanchez, Ner,

---

[1] The Court summarizes the allegations and claims in the Complaint, without opining on their veracity or merit.

[2] Pinpoint citations to docketed documents are to paragraphs numbers, where available, or to page numbers in the CM/ECF-generated headers.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  **8:23-cv-02300-HDV-MAA** | Date: **March 26, 2024** |
| Title  **Lajuana Danette White v. Fesia Davenport et al.** | |

Vincent-Jones, and Kyles are employees of Los Angeles County Department of Public Health and are sued in their individual capacities.  (*Id*. ¶¶ 1–9.)

The Complaint concerns Defendants' "threats, harassment, intimidation and humiliation" of Plaintiff as a result of her invocation of religious exemptions to the County's mandatory vaccine and mask-wearing policies.  (*Id*. ¶ 28.)  On August 16, 2021, Plaintiff received an email stating that the Board of Supervisors mandated that all County employees be vaccinated and show proof of vaccination by October 1, 2021.  (*Id*. ¶ 11.)  On or about September 20, 2021, the County informed staff about the mandatory vaccine policy and the October 1, 2021 deadline to get vaccinated and/or file an exemption.  (*Id*.)  On or about September 28, 2021, Plaintiff submitted her religious exemption form online to Fulgent, a third party.  (*Id*. ¶ 12.)

On or about October 5, 2021, "Human Resources (HR) Covid Vax Support" informed Plaintiff that she was "in non-compliance" with the vaccination policy.  (*Id*. ¶ 13.)  On or about October 28, 2021, Plaintiff received a notice of a five-day suspension from November 1 to November 5, 2021.  (*Id*. ¶ 14.)  On or about November 6, 2021, Plaintiff sent an affidavit of religious rights to Davenport.  (*Id*. ¶ 15.)  On or about November 9, 2021, Plaintiff filed a grievance with SEIU Local 721, alleging unfair suspension due to her religious beliefs.  (*Id*. ¶ 16.)

On or about December 2, 2021, the County acknowledged receipt of Plaintiff's religious affidavit, accommodation, and request.  (*Id*. ¶ 17.)  On or about September 14, 2022, the County granted Plaintiff's religious exemption.  (*Id*. ¶ 18.)  "Sometime thereafter," Plaintiff was given a hearing to address her suspension.  (*Id*. ¶ 19.)  At the hearing, "they agreed to remove the notice of [Plaintiff's] suspension from all files," but denied Plaintiff's request to restore the lost time and wages incurred during the suspension.  (*Id*.)

On December 20, 2022, Patuano approached Plaintiff in the employee break room and asked why she was not wearing a mask.  (*Id*. ¶ 20.)  Plaintiff told Patuano that she had an approved religious exemption and had the right not to wear a mask.  (*Id*.)  Patuano stated that Plaintiff should submit a copy of the exemption in her employee record and Plaintiff responded that she thought she already had, but would submit it.  (*Id*.)  The next morning, Patuano e-mailed Bernardo, cc'ing Plaintiff, with a subject line titled "Mandatory Mask Requirement."  (*Id*.)  Plaintiff responded to the e-mail by stating that she would provide the relevant pages of the exemption within the next three business days.  (*Id*.)

On December 27, 2022, Plaintiff submitted a copy of her exemption and provided a physical copy of it to Sanchez.  (*Id*. ¶ 21.)  On December 28, 2022, Sanchez called Plaintiff into a meeting

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.  **8:23-cv-02300-HDV-MAA**                                                            Date: **March 26, 2024**

Title       **Lajuana Danette White v. Fesia Davenport et al.**

with Ner, during which they reviewed the mask-wearing policy that went into effect on December 8, 2022.  (*Id*. ¶ 22–23.)  At the meeting, Sanchez threw a mask across the conference table to Plaintiff and requested "in a very demanding tone" that she wear it.  (*Id*. ¶ 24.)  Plaintiff was "shocked, disturbed and emotionally offended by the unsanitary and confrontational nature of her actions."  (*Id*.)  Plaintiff reminded Sanchez that she had a right not to wear the mask due to her religious exemption, and the meeting abruptly concluded.  (*Id*. ¶ 25.)  The next day, Plaintiff received an e-mail from Vincent-Jones requesting that Plaintiff comply with a "direct order."[3]  (*Id*. ¶ 26.)  Plaintiff informed Vincent-Jones that she would not wear a mask because she had an approved religious exemption on file.  (*Id*.)

Thereafter, Plaintiff received e-mails threatening to discipline, suspend, or terminate her if she did not wear a mask.  (*Id*. ¶ 27.)  She also received offensive looks and stares when in the presence of Patuano, Bernardo, Meza, Sanchez, Ner, Vincent-Jones, and Kyles.  (*Id*.)  These Defendants "initiated, participated and conspired together in this daily campaign" of threats and intimidation and never confronted or implored the others to cease these actions against Plaintiff. (*Id*.)  These Defendants committed "acts of threats, harassment, intimidation, and humiliation in violation of [Plaintiff's] rights."  (*Id*. ¶ 28.)  Davenport and Garrett were "cc'd in the ongoing saga of" the e-mail attacks and "did nothing to stop it."  (*Id*. ¶ 29.)  Plaintiff was subjected to several suspensions without pay and threatened with termination.  (*Id*.)  She suffered severe depression from one of the suspensions.  (*Id*.)

Based on the foregoing, Plaintiff brings four claims pursuant to 42 U.S.C. § 1983 ("Section 1983"): (1) "Deterring, Suppressing, or Breaching Freedom of Religion" (First Amendment); (2) "Personal Security Threatened and/or Denied" (Fourth Amendment); (3) "Liberty Denied without Due Process of Law" (Fifth Amendment); and (4) "[D]enied Equal Protection of Law" (Fourteenth Amendment).  (*Id.* at 14.)  Plaintiff also brings claims pursuant to 42 U.S.C. § 1985 ("Section 1985") (conspiracy to interfere with civil rights) and 42 U.S.C. §  1986 ("Section 1986") (negligence in preventing conspiracy to interfere with civil rights).  (*Id*.)  Plaintiff seeks damages in the amount of $250,000 for each violation as provided by 18 U.S.C. § 3571, punitive damages, and restraining orders to cease Defendants' harassment.  (*Id*. at 15.)

///

---

[3] The content of the direct order is not included in the Complaint.  (*See generally* Compl.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   **8:23-cv-02300-HDV-MAA**                                                                Date: **March 26, 2024**

Title       **Lajuana Danette White v. Fesia Davenport et al.**

### III.    LEGAL STANDARD

The Court is required to conduct a preliminary screening of any civil action brought by a plaintiff who proceeds *in forma pauperis*, and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief can be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Dismissal is proper only where a complaint fails to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In determining whether a plaintiff has stated a claim, the Court accepts as true the factual allegations contained in the complaint and views all inferences in a light most favorable to the plaintiff. *Park v. Thompson*, 851 F.3d 910, 918 (9th Cir. 2017). The Court does not, however, "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)). Moreover, where a plaintiff is appearing *pro se*, particularly in civil rights cases, courts construe pleadings liberally and afford the plaintiff any benefit of the doubt. *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012).

### IV.    DISCUSSION

#### A.    Rule 8

Federal Rule of Civil Procedure ("Rule") 8 requires that a complaint contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555 (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Rule 8 may be violated when a pleading "says *too little*," and "when a pleading says *too much*." *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 555, 557).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   **8:23-cv-02300-HDV-MAA**                                                         Date: **March 26, 2024**

Title      **Lajuana Danette White v. Fesia Davenport et al.**

The Complaint fails to satisfy Rule 8 in several respects.

First, the Complaint does not give each Defendant fair notice of Plaintiff's complaints about them. For example, the Complaint complains of "harassment," "threats," and "humiliation," but does not specify the actions and Defendant responsible for such "harassment," "threats," or "humiliation." (*See, e.g.*, Compl. ¶¶ 18, 19, 26, 28.) *See Iqbal*, 556 U.S. at 678 (explaining that labels and conclusions, devoid of factual allegations, are insufficient to state a claim). Moreover, the Complaint contains numerous instances where Plaintiff complains of actions taken against him by "they," but does not specify who "they" were. (*See, e.g.*, Compl. ¶¶ 19, 27, 28.)

Second, the Complaint lumps Patuano, Bernardo, Meza, Sanchez, Ner, Vincent-Jones, and Kyles together in claiming that they "each initiated, participated and conspired together in [] a daily campaign" of threats and intimidation and does not specify which Defendant took what specific action challenged in the Complaint. (*Id*. at ¶ 27.) "As a general rule, when a pleading fails 'to allege what role each Defendant played in the alleged harm,' this 'makes it exceedingly difficult, if not impossible, for individual Defendants to respond to Plaintiffs' allegations.'" *Adobe Sys. v. Blue Source Grp. Inc*., 125 F. Supp. 3d 945, 964 (N.D. Cal. 2015) (quoting *In re iPhone Application Litig.*, No. 11-MD-02250-LHK, 2011 U.S. Dist. LEXIS 106865, at *8 (N.D. Cal. Sept. 20, 2011)). "Accordingly, a complaint which 'lump[s] together . . . multiple defendants in one broad allegation fails to satisfy [the] notice requirement of Rule 8(a)(2).'" *Id*. (alterations in original) (quoting *Gen-Probe, Inc. v. Amoco Corp*., 926 F. Supp. 948, 961 (S.D. Cal. 1996)).

Third, aside from lumping Kyle together with other Defendants as addressed above, the Complaint does not contain any facts regarding any specific act or omission by Kyle. (*See generally* Compl.) There can be no liability under Section 1983 unless there is an affirmative link or connection between a defendant's actions and the claimed deprivation. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692 (1978). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Accordingly, the Complaint fails to state any claims against Kyle. *See id*.

Fourth, the only specific allegation against Vincent-Jones is that he sent an e-mail to Plaintiff entitled "DIRECT ORDER" and of "high" importance, requesting Plaintiff review the attachments and comply accordingly. (Compl. ¶ 26.) The Complaint does not specify the content of Vincent-Jones' email or attachments. (*See generally id*.) These facts are too vague to satisfy Rule 8.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  **8:23-cv-02300-HDV-MAA**                                     Date: **March 26, 2024**

Title         **Lajuana Danette White v. Fesia Davenport et al.**

Fifth, it is unclear whether Plaintiff challenges Defendants' actions in carrying out the County's vaccine policy or mask-wearing policy.  (*Id.* at ¶¶ 11, 23.)  The Complaint references both policies, but does not specify whether the challenged actions were carried out pursuant to the vaccine policy or mask-wearing policy.  Any amended pleading must specify which challenged actions were carried out in accordance with which policy.  *See Schmidt v. City of Pasadena*, No. LA CV21-08769 JAK (JCx), 2023 U.S. Dist. LEXIS 115351, at *39–40 (C.D. Cal. Mar. 8, 2023) (dismissing complaint for failure to state a claim where it did not plead challenge to mask and testing requirements separately from challenge to vaccine mandate).

For these reasons, the Complaint violates Rule 8(a)(2).  In any amended complaint, Plaintiff must remedy these deficiencies or risk dismissal of this action.

**B.      Section 1983**

"Title 42 U.S.C. § 1983 provides a cause of action against '[e]very person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws . . . .'" *Wyatt v. Cole*, 504 U.S. 158, 161 (1992) (alterations in original) (quoting 42 U.S.C. § 1983).  Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'"  *Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

1.      Supervisory Liability of Davenport and Garrett

Liability under Section 1983 cannot be established solely on a theory of *respondeat superior* based on the unconstitutional conduct of subordinates.  *See Iqbal*, 556 U.S. at 676 ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*.").  "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1998).  The requisite causal connection can be established when a person (1) "does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation"; or (2) "set[s] in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury." *Lacey v.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   **8:23-cv-02300-HDV-MAA**                                              Date: **March 26, 2024**

Title     **Lajuana Danette White v. Fesia Davenport et al.**

*Maricopa County*, 693 F.3d 896, 915 (9th Cir. 2012) (en banc) (quoting *Johnson*, 588 F.2d at 743–44).

Here, the only factual allegations involving Davenport and Garrett are that they were copied on "harassing" e-mails to Plaintiff.  (Compl. ¶ 29.)  However, simply being copied on e-mails is insufficient to establish supervisory liability under Section 1983.  *See, e.g.*, *OSU Student All. v. Ray*, 699 F.3d 1053, 1078–79 (9th Cir. 2012) (holding that complaint failed to state a claim against vice provost because totality of allegations against him consisted of being copied on one e-mail and receiving an e-mail regarding the actions challenged in the complaint).  There are no allegations from which it reasonably could be inferred that Davenport or Garrett caused a constitutional deprivation.

If Plaintiff files an amended pleading with claims against Davenport and Garrett, she must provide specific factual allegations of how Davenport and Garrett caused a deprivation of Plaintiff's constitutional rights, or risk their dismissal.

        2.        <u>Deterring, Suppressing, or Breaching Freedom of Religion (First Amendment)</u>

The First Amendment, applicable to the states through the Fourteenth Amendment, prohibits the government from making laws "prohibiting the free exercise" of religion.  U.S. Const. amend. I.  A plaintiff may state a claim for infringement of the Free Exercise Clause in numerous ways, including by alleging "that a government entity has burdened his sincere religious practice pursuant to a policy that is not 'neutral' or 'generally applicable.'"  *Kennedy v. Bremerton Sch. Dist.*, 142 S. Ct. 2407, 2421–22 (2022) (citation omitted).

        a.        *Sincerely Held Religious Belief*

The Free Exercise Clause only protects beliefs that are "sincerely held" and "rooted in religious belief, not in purely secular philosophical concerns." *Malik v. Brown*, 16 F.3d 330, 333 (9th Cir. 1994).  Here, the Complaint does not contain sufficient factual allegations from which it reasonably could be inferred that Plaintiff's (unspecified) religious beliefs are both sincerely held and rooted in religious belief.  Rather, the Complaint includes only conclusory allegations that Defendants' actions violated her right to freedom of religion, which does not suffice.  *See Iqbal*, 556 U.S. at 678 (explaining that a complaint will not suffice if it offers "an unadorned, the defendant-unlawfully-harmed me accusation," "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "'naked assertion[s]' devoid of 'further factual enhancement'" (alteration in original) (quoting *Twombly*, 556 U.S. at 555, 557)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  **8:23-cv-02300-HDV-MAA**                                                           Date: **March 26, 2024**

Title        **Lajuana Danette White v. Fesia Davenport et al.**

   b.        *Substantial Burden on Religious Practice*

"A person asserting a free exercise claim must show that the government action in question substantially burdens the person's practice of her religion." *Jones v. Williams*, 791 F.3d 1023, 1031 (9th Cir. 2015). "A substantial burden . . . place[s] more than an inconvenience on religious exercise; it must have a tendency to coerce individuals into acting contrary to their religious beliefs or exert substantial pressure on an adherent to modify his behavior and to violate his beliefs." *Id*. at 1031–32 (alteration in original) (quoting *Ohno v. Yasuma*, 723 F.3d 984, 1011 (9th Cir. 2013)).

Here, the Complaint does not contain sufficient factual allegations from which it reasonably could be inferred that any Defendant substantially burdened Plaintiff's religious practices.[4]  The only factual allegation about Meza is she told Plaintiff she could file a religious exemption form.  (Compl. ¶ 11.)  The only factual allegations about Patuano are that she approached Plaintiff in the employee break room, asked why Plaintiff was not wearing a mask, told Plaintiff to submit a copy of her affidavit for her employee record, and sent Plaintiff an email the next day with a subject line titled "Mandatory Mask Requirement."  (*Id*. ¶ 20.)  The only factual allegation about Bernardo is that she was copied on Patuano's email.  (*Id*.)  The only factual allegations about Sanchez are that Plaintiff gave her a physical copy of her approved exemption, and Sanchez invited Plaintiff to a meeting where Sanchez reviewed the mask-wearing policy and threw a mask at Plaintiff.  (*Id*. ¶¶ 21–24.)  The only factual allegation about Ner is that she was present at Plaintiff's meeting with Sanchez.  (*Id*. ¶ 22.)  Finally, the only specific factual allegation about Vincent-Jones is that he sent an email titled "DIRECT ORDER" and of "high" importance to Plaintiff and asked her to view the attachments and comply.  (*Id*. ¶ 26.)

None of these facts allege a burden on Plaintiff's religious practices, let alone a substantial one.  Indeed, courts in the Ninth Circuit have found more aggressive actions insufficient to allege a substantial burden to religious practice.  *See, e.g., Maggio v. Or. Health*, No. 3:23-cv-00116-JR, 2023 U.S. Dist. LEXIS 168485, at *9–10 (D. Or. June 1, 2023) (dismissing free exercise claim because defendants' dismissiveness toward plaintiff's religious beliefs was insufficient to state that plaintiff's religious practice was substantially burdened); *Rolovich v. Wash. State Univ.*, No. 2:22-CV-0319-TOR, 2023 U.S. Dist. LEXIS 93926, at *18–19 (E.D. Wash. May 30, 2023) (finding that defendant urging plaintiff to comply with vaccine mandate or disagreeing with plaintiff's reasons for refusing to

---

[4] The Court does not address the general allegations contained in paragraphs 27–28 that lumped together Patuano, Bernardo, Meza, Sanchez, Ner, Vincent-Jones and Kyles, having already analyzed them above in Section IV.A.1.

Case 8:23-cv-02300-HDV-MAA   Document 8   Filed 03/26/24   Page 9 of 18   Page ID #:48

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  **8:23-cv-02300-HDV-MAA**                                Date: **March 26, 2024**

Title     **Lajuana Danette White v. Fesia Davenport et al.**

comply with mandate insufficient to infer that defendant coerced plaintiff to act contrary to his religious beliefs).

        c.      *Neutral Policies of General Applicability*

"[N]eutral, generally applicable laws that incidentally burden the exercise of religion usually do not violate the Free Exercise Clause of the First Amendment' because they need only be 'rationally related to a legitimate government interest.'" *Parents for Privacy v. Barr*, 949 F.3d 1210, 1234 (9th Cir. 2020) (citations omitted). Laws that are not neutral or not generally applicable are subject to strict scrutiny and must be "narrowly tailored" to serve a "compelling" state interest. *See Kennedy*, 142 S. Ct. at 2421–22.

Here, the Complaint offers no allegations to support a reasonable inference that the County's vaccine or mask-wearing policies are not neutral or generally applicable. To the contrary, the Complaint alleges the vaccine policy applied to all County employees and allows religious exemptions. (Compl. ¶ 11.) *See, e.g.*, *Doe v. San Diego Unified Sch. Dist.*, 19 F.4th 1173, 1180 (9th Cir. 2021) (finding San Diego Unified School District's vaccine mandate neutral and generally applicable because it did not reference any religious practice, there was no evidence that it was implemented with the aim of suppressing religion, and it allowed for religious exemptions); *Miller v. Farris*, No. CV 21-9551-SSS (AS), 2022 U.S. Dist. LEXIS 210722, at *15–16 (C.D. Cal. Oct. 17, 2022) (finding Los Angeles County's vaccine mandate generally applicable and neutral because it affected the entire county and was not directed at one or few individuals), *accepted*, 2022 U.S. Dist. LEXIS 214068 (C.D. Cal. Nov. 28, 2022); *Megeso-William-Alan v. Ige*, 538 F. Supp. 3d 1063, 1076–78 (D. Haw. 2021) (finding state and city mask mandates neutral, generally applicable, and valid under rational basis review).

Moreover, the Complaint does not contain any allegations from which it reasonably could be inferred that the County's vaccine and mask-wearing policies are not related to the legitimate government interest of curbing the spread of COVID-19. *See Roman Cath. Diocese v. Cuomo*, 141 S. Ct. 63, 67 (2020) ("Stemming the spread of COVID-19 is unquestionably a compelling interest.").

        \* \* \*

For these reasons, the Complaint fails to state a First Amendment free exercise claim. If Plaintiff files an amended complaint with this claim, Plaintiff must correct the above deficiencies or risk its dismissal.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  **8:23-cv-02300-HDV-MAA**                                                                                     Date: **March 26, 2024**

Title     **Lajuana Danette White v. Fesia Davenport et al.**

       3.    <u>Personal Security Threatened and/or Denied (Fourth Amendment)</u>

The Fourth Amendment, applicable to the states through the Fourteenth Amendment, protects the "right of people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV.  To state a Fourth Amendment claim, a plaintiff must allege that there was a governmental search or seizure, and that it was unreasonable.  *See Brower v. County of Inyo*, 489 U.S. 593, 599 (1989).  "A 'search' occurs when an expectation of privacy that society is prepared to consider reasonable is infringed."  *United States v. Nuesca*, 945 F.2d 254, 258 (9th Cir. 1991) (quoting *United States v. Jacobsen*, 466 U.S. 109, 113 (1984).  "A person is seized under the Fourth Amendment 'when there is a governmental termination of freedom of [his] movement through means intentionally applied.'"  *Villanueva v. California*, 986 F.3d 1158, 1166 (9th Cir. 2021) (alteration in original) (quoting *Brower v. County of Inyo*, 489 U.S. 593, 597 (1989).

The Ninth Circuit "recognizes an 'individual interest in avoiding disclosure of personal matters.'"  *A.C. v. Cortez*, 34 F.4th 783, 787 (9th Cir. 2022) (quoting *Endy v. County of Los Angeles*, 975 F.3d 757, 768 (9th Cir. 2020)).  The right to informational privacy is a "conditional right which may be infringed upon a showing of proper governmental interest."  *Id*.  The Ninth Circuit has identified a number of factors to be considered in deciding "whether the governmental interest in obtaining information outweighs the individual's privacy interest."  *Seaton v. Mayberg*, 610 F.3d 530, 538 (9th Cir. 2010) (citation omitted).  Those factors include "(1) the type of information requested, (2) the potential for harm in any subsequent non-consensual disclosure, (3) the adequacy of safeguards to prevent unauthorized disclosure, (4) the degree of need for access, and (5) whether there is an express statutory mandate, articulated public policy, or other recognizable public interest militating toward access."  *A.C.*, 34 F.4th at 787 (citation omitted).

The Complaint does not explain how the vaccine or mask-wearing policies constituted a search or seizure of Plaintiff, or whether such purported search or seizure was unreasonable.  *See Burcham v. City of Los Angeles*, 562 F. Supp. 3d 694, 702 (C.D. Cal. Jan. 7, 2022) (explaining that the court could not find any controlling case indicating that a vaccine-injection requirement was a search under the Fourth Amendment); *Penna v. N. Clackamas Sch. Dist.*, No. 3:22-cv-01417-YY, 2023 U.S. Dist. LEXIS 166885, at *13 (D. Or. Aug. 11, 2023) (recommending dismissal of Fourth Amendment claim challenging vaccine and mask requirements because complaint failed to state a claim that a search or seizure had occurred, or if it had, that they were unreasonable), *accepted*, 2023 U.S. Dist. LEXIS 186056 (D. Or. Oct. 17, 2023).  To the extent the Complaint asserts a violation of Plaintiff's privacy interests, it does not contain facts stating how her privacy interests were violated

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  **8:23-cv-02300-HDV-MAA**                                                                Date: **March 26, 2024**

Title        **Lajuana Danette White v. Fesia Davenport et al.**

or facts that give rise to the inference that her privacy interests outweigh the Defendants' interest in carrying out these policies.  *See Miller v. Farris*, No. CV 21-9551-SSS (AS), 2023 U.S. Dist. LEXIS 127679, at *12–14 (C.D. Cal June 14, 2023) (recommending dismissal of Fourth Amendment claim challenging Los Angeles County vaccine mandate because complaint failed to state a claim that plaintiff's privacy interests outweighed government's interest in preventing spread of COVID-19), *accepted*, 2023 U.S. Dist. LEXIS 131007 (C.D. Cal. July 28, 2023).  Accordingly, the Complaint fails to state a claim for a Fourth Amendment violation.  If Plaintiff presents a Fourth Amendment claim in any amended complaint, she must remedy these deficiencies or risk dismissal of the claim.

                4.        Liberty Denied Without Due Process of Law (Fifth Amendment)

The Fifth Amendment prohibits the federal government from violating due process, while the Fourteenth Amendment prohibits deprivations without due process by the states.  *See Castillo v. McFadden*, 399 F.3d 993, 1006 n.5 (9th Cir. 2005).  Because Plaintiff is not alleging due process violations by the federal government, the Court will examine Plaintiff's due process claim pursuant to the Fourteenth Amendment.  *See Sagana v. Tenorio*, 384 F.3d 731, 736–37 (9th Cir. 2004) ("A party need not plead specific legal theories in the complaint, so long as the other side receives notice as to what is at issue in the case.") (internal quotation marks omitted)).

The Fourteenth Amendment's Due Process Clause "provides heightened protection against government interference with certain fundamental rights and liberty interests." *Washington v. Glucksberg*, 521 U.S. 702, 720 (1997).  The touchstone of due process is protection of the individual against arbitrary action of government, whether the fault lies in a denial of fundamental procedural fairness (denial of procedural due process), or in the exercise of power without any reasonable justification in the service of a legitimate governmental objective (denial of substantive due process). *County of Sacramento v. Lewis*, 523 U.S. 833, 845–46 (1998).

Plaintiff does not specify whether she asserts a substantive or procedural due process claim.  If Plaintiff includes a due process claim in any amended complaint, the type of due process claim should be specified.  Construing the Complaint liberally, the Court analyzes the Complaint in light of both substantive and procedural due process.

                a.        *Substantive Due Process*

"To state a substantive due process claim, the plaintiff must show as a threshold matter that a state actor deprived it of a constitutionally protected life, liberty or property interest." *Shanks v. Dressel*, 540 F.3d 1082, 1087 (9th Cir. 2008).  "The Supreme Court has described the 'fundamental'

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  **8:23-cv-02300-HDV-MAA** | Date: **March 26, 2024** |
| Title   **Lajuana Danette White v. Fesia Davenport et al.** | |

rights protected by substantive due process as 'those personal activities and decisions that this Court has identified as so deeply rooted in our history and traditions, or so fundamental to our concept of constitutionally ordered liberty, that they are protected by the Fourteenth Amendment.'" *United States v. Juvenile Male*, 670 F.3d 999, 1012 (9th Cir. 2012) (quoting *Washington*, 521 U.S. at 727). If the action abridges a fundamental right, it "will be subject to strict scrutiny and is invalidated unless it is 'narrowly tailored to serve a compelling state interest.'" *Id.* (quoting *Reno v. Flores*, 507 U.S. 292, 302 (1993)). "If not, the [action] need only bear a 'reasonable relation to a legitimate state interest to justify the action.'" *Id*. (quoting *Washington*, 521 U.S. at 722).

Here, the Complaint does not allege a violation of Plaintiff's fundamental rights. (*See generally* Compl.) "There is no liberty interest in being free from harassment [or] discrimination." *Blackwell v. Tsui*, No. 2:21-cv-2207 KJM AC P, 2023 U.S. Dist. LEXIS 36838, at *9 (E.D. Cal. Mar. 3, 2023) (finding that plaintiff failed to state a claim for substantive due process because "there is no liberty interest in being free from harassment, discrimination, or stereotyping"). Nor is there a fundamental right to be free from a vaccine mandate at a workplace. *See Kheriaty v. Regents of the Univ. of Cal.*, No. 22-55001, 2022 U.S. App. LEXIS 32406, at *4 (9th Cir. Nov. 23, 2022) (holding that California educator's substantive due process challenge to University of California's COVID-19 vaccination policy failed because it did not implicate a fundamental constitutional right). Finally, there is no fundamental right to be free from wearing a mask mandated in response to the COVID-19 pandemic. *See Schmidt*, 2023 U.S. Dist. LEXIS 115351, at *39–40 (rejecting substantive due process claim based on mask requirement because no fundamental right was asserted); *Megeso-William-Alan*, 538 F. Supp. 3d at 1076–78 (dismissing plaintiff's substantive due process claim to mask mandates because the "right to breathe oxygen without restriction" was not a fundamental right).

To the extent that Plaintiff argues that the harassment abridged her fundamental right to freedom of religion, that claim is duplicative of her First Amendment free exercise claim addressed above. *See Albright v. Oliver*, 510 U.S. 266, 273 (1994) ("Where a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims.") (quoting *Graham*, 490 U.S. at 395); *see Quezada v. Long*, No. EDCV 15-613-VBF (KS), 2016 U.S. Dist. LEXIS 184551, at *17 (C.D. Cal. Dec. 19, 2016) (recommending dismissal of substantive due process claim based on defendant's refusal to allow plaintiff to remove kosher meals from dining hall as duplicative of free exercise of religion claim), *adopted*, 2017 U.S. Dist. LEXIS 27223 (C.D. Cal. Feb. 23, 2017).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   **8:23-cv-02300-HDV-MAA**                                                  Date: **March 26, 2024**

Title   **Lajuana Danette White v. Fesia Davenport et al.**

In addition, the Complaint does not state facts giving rise to the inference that the County's vaccine and mask-wearing policies are not reasonably related to the legitimate government interest in curbing the spread of COVID-19.  *See Juvenile Male*, 670 F.3d at 1012.; *see also Miller*, 2023 U.S. Dist. LEXIS 127679, at *25–26 (recommending dismissal of substantive due process claim challenging Los Angeles County vaccine mandate because mandate was reasonably related to legitimate interest in preventing spread of COVID-19).

For these reasons, the Complaint fails to state a substantive due process claim.  If Plaintiff files an amended complaint with this claim, she must correct these deficiencies or risk its dismissal.

        b.      *Procedural Due Process*

"The Due Process Clause forbids the governmental deprivation of substantive rights without constitutionally adequate procedure."  *Shanks v. Dressel*, 540 F.3d 1082, 1090–91 (9th Cir. 2008).  To plead a procedural due process violation, a plaintiff must plead: (1) a "liberty or property interest which has been interfered with by the State"; and (2) procedures employed to deprive the plaintiff of liberty or property were constitutionally insufficient.  *Ky. Dep't. of Corr. v. Thompson*, 490 U.S. 454, 460 (1989).  However, in cases involving laws of general applicability—that is, "governmental decisions which affect large areas and are not directed at one or a few individuals"—" constitutional procedural due process requirements of individual notice and hearing" are not required; "general notice as provided by law is sufficient."  *Halverson v. Skagit County*, 42 F.3d 1257, 1261 (9th Cir. 1994)), *as amended on denial of reh'g* (Feb. 9, 1995).

Here, as explained above in Section IV.B.2.c, the Complaint contains no facts indicating that the County's vaccine and mask-wearing policies are not generally applicable.  (*See generally* Compl.)  Therefore, Plaintiff is not entitled to procedures greater than those provided in the policies themselves.  *See Miller*, 2022 U.S. Dist. LEXIS 210722, at *10–11 (rejecting procedural due process claim challenging lack of notice of disciplinary action in response to refusal to comply with vaccine mandate because the vaccine mandate was generally applicable); *Bacon v. Woodward*, No. 2:21-CV-0296-TOR, 2021 U.S. Dist. LEXIS 215778, at *8–9 (E.D. Wash. Nov. 8, 2021) (rejecting procedural due process claim to implementation of vaccine mandate because mandate was generally applicable and collecting cases holding the same).  Accordingly, the Complaint fails to state a claim for a violation of Plaintiff's procedural due process rights.  If Plaintiff files an amended complaint with a procedural due process claim, she must remedy these deficiencies or risk dismissal of the claim.

    ///

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  **8:23-cv-02300-HDV-MAA** | Date: **March 26, 2024** |
| Title  **Lajuana Danette White v. Fesia Davenport et al.** | |

       5.       <u>Denied Equal Protection of Law (Fourteenth Amendment)</u>

"The Equal Protection Clause of the Fourteenth Amendment provides that '[n]o State shall . . . deny to any person within its jurisdiction the equal protection of the laws.'" *Angelotti Chiropractic v. Baker*, 791 F.3d 1075, 1085 (9th Cir. 2015) (quoting U.S. Const. amend. XIV, § 1) (alteration in original). To state an equal protection claim, a claimant "must allege facts plausibly showing that 'the defendants acted with an intent or purpose to discriminate against [them] based upon membership in a protected class.'" *Id.* (quoting *Thornton v. City of St. Helens*, 425 F.3d 1158, 1166 (9th Cir. 2005) (alteration in original); *see also New Orleans v. Dukes*, 427 U.S. 297, 303 (1975) (noting that "suspect distinctions such as race, religion, or alienage" are protected classes for equal protection purposes). The Complaint fails to state an equal protection claim for two reasons.

First, though the Complaint references "racial discrimination and religious rights deprivation," these allegations are conclusory and are not accompanied by facts to support the reasonable inference that Plaintiff is a member of either of these protected classes. (Compl. ¶ 10.) *See Iqbal*, 556 U.S. at 678 ("A pleading that offers 'labels and conclusions' or . . . 'naked assertion[s]' devoid of 'further factual enhancement'" are insufficient to state a claim under Rule 8.) (quoting *Twombly*, 550 U.S. at 555, 557). Second, the Complaint states that the violations described therein "are acts of . . . racial discrimination," but does not allege facts showing that Defendants acted with an intent or purpose to discriminate against Plaintiff because of her race or religion. (Compl. ¶ 10.) *See Jones v. Cmty. Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (holding that bare allegations of discrimination against African-Americans "unsupported by any facts as to how race entered into any decisions" were insufficient to state a Section 1983 claim); *Miller*, 2022 U.S. Dist. LEXIS 210722, at *19–20 (recommending dismissal of equal protection claim with leave to amend because complaint did not state facts showing discriminatory intent or different treatment from similarly situated individuals). If Plaintiff files an amended complaint with an Equal Protection Clause claim, she must remedy these deficiencies or risk dismissal of the claim.

       6.       <u>County Defendant</u>

In *Monell*, the Supreme Court held that municipalities and other local government entities cannot be held liable under Section 1983 "unless action pursuant to official municipal policy of some nature caused a constitutional tort." 436 U.S. at 691. [A] municipality cannot be held liable *solely* because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Id*. To state a claim for municipal liability under Section 1983, a plaintiff must plead that: "(1) he was deprived of a constitutional right; (2) the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  **8:23-cv-02300-HDV-MAA**                                                          Date: **March 26, 2024**

Title       **Lajuana Danette White v. Fesia Davenport et al.**

municipality had a policy; (3) the policy amounted to deliberate indifference to [plaintiff's] constitutional right; and (4) the policy was the moving force behind the constitutional violation." *Lockett v. County of Los Angeles*, 977 F.3d 737, 741 (9th Cir. 2020). There must be a "direct causal link between a municipal policy or custom and the alleged constitutional deprivation." *Collins v. City of Harker Heights*, 503 U.S. 115, 123 (1992) (quoting *City of Canton v. Harris*, 489 U.S. 378, 385 (1989)).

Here, Plaintiff's allegations are insufficient to plead a *Monell* claim against the County because, as explained above, the Complaint fails to allege any violation of Plaintiff's constitutional rights. Because there can be no *Monell* claim without a constitutional violation, the Complaint does not state any Section 1983 claims against the County. *See Lockett*, 977 F.3d at 741 ("*Monell* claims thus require a plaintiff to show an underlying constitutional violation.") If Plaintiff files an amended complaint asserting Section 1983 claims against the County, she must satisfy the requirements of *Monell* or risk dismissal of such claims.

    C.    **Conspiracy to Interfere with Civil Rights (Section 1985) and Negligence in Preventing Conspiracy to Interfere with Civil Rights (Section 1986)**

"Section 1985 proscribes conspiracies to interfere with civil rights." *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1039 (9th Cir. 1990). Plaintiff does not specify the subsection of Section 1985 under which her claims are asserted. (*See generally* Compl.) The only potentially applicable subsection is the first clause of Section 1985(3), which prohibits private conspiracies from depriving a person of equal protection of the law. *See Kush v. Rutledge*, 460 U.S. 719, 725 (1983); *Bretz v. Kelman*, 773 F.2d 1026, 1032 n.3 (9th Cir. 1985). "A plaintiff alleging a conspiracy under § 1985(3) must establish: the existence of a conspiracy to deprive the plaintiff of the equal protection of the laws; an act in furtherance of the conspiracy; and a resulting injury." *Scott v. Ross*, 140 F.3d 1275, 1284 (9th Cir. 1998). Under this subsection of Section 1985, "a properly pleaded claim must include an allegation of racial or class-based animus." *Usher v. Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). "To establish racial or class-based animus, a plaintiff must show 'invidiously discriminatory motivation . . . behind the conspirator's action." *Id.* (alteration in original) (quoting *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971)).

"Section 1986 imposes liability on every person who knows of an impending violation of section 1985 but neglects or refuses to prevent the violation." *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 626 (9th Cir. 1988). A Section 1986 claim can be stated only if a complaint contains a valid Section 1985 claim. *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  **8:23-cv-02300-HDV-MAA**                                                                 Date: **March 26, 2024**

Title      **Lajuana Danette White v. Fesia Davenport et al.**

Plaintiff's allegations of conspiracy are conclusory and insufficient to state a claim under Section 1985(3). "A claim under [Section 1985] must allege facts to support the allegation that defendants conspired together. A mere allegation of conspiracy without factual specificity is insufficient." *Id.*; *see also Olsen v. Idaho Bd. of Med.*, 363 F.3d 916, 929–30 (9th Cir. 2004) (dismissing Section 1985 claim because the "complaint is devoid of any discussion of an agreement amongst the [defendants] to violate [plaintiff's] constitutional rights"). The Complaint's only reference to a conspiracy is that each Defendant "initiated, participated and conspired together in this daily campaign of" threats and intimidation. (Compl. ¶ 27.) The Complaint does not allege any facts showing an agreement among any Defendants to violate Plaintiff's constitutional rights. (*See generally* Compl.) In addition, as discussed above, there are no allegations from which it reasonably could be inferred that Defendants acted with religious or race-based animus. *See Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1536 (9th Cir. 1992) ("[A] plaintiff must demonstrate a deprivation of that right motivated by 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action.'" (quoting *Griffith v. Breckenridge*, 403 U.S. 88, 102 (1971))).

Furthermore, because the Complaint fails to state a Section 1985 claim, it also fails to state a Section 1986 claim. *See Sanchez*, 936 F.2d at 1040 ("A violation of section 1986 thus depends on the existence of a valid claim under 1985."); *Vahidallah v. San Diego Hous. Comm'n*, No. 07 CV 0371 JM (CAB), 2008 U.S. Dist. LEXIS 28621, at *15 (S.D. Cal. Apr. 7, 2008) ("Because Plaintiff fails to allege a valid § 1985 claim, his attempt to allege a violation of § 1986 fails.").

For these reasons, the Complaint fails to state claims pursuant to Sections 1985 and 1986. If Plaintiff files an amended complaint with Section 1985(3) and Section 1986 claims, she must correct these deficiencies or risk dismissal of such claims.

**V.      CONCLUSION**

In light of the foregoing, the Court **DISMISSES** the Complaint with leave to amend. **Plaintiff is ordered to file a response to this Order, electing to proceed with one of the following options, by no later than April 25, 2024.**

- Option 1: File a First Amended Complaint

    Plaintiff may file a signed First Amended Complaint that cures the defects discussed in this Order. Plaintiff is cautioned that if she continues to raise allegations in any amended complaint that fail to state a claim upon which relief can be granted, the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | |
|---|---|---|
| Case No. | **8:23-cv-02300-HDV-MAA** | Date: **March 26, 2024** |
| Title | **Lajuana Danette White v. Fesia Davenport et al.** | |

Court likely will not order that the First Amended Complaint be served on any Defendant, but instead likely will recommend to the District Judge that the deficient claims and Defendants be dismissed without further leave to amend.

Plaintiff is reminded to provide a short, plain statement of what happened, identify her claims against each Defendant, and clearly describe each Defendant's wrongful conduct. Plaintiff should clearly identify each Defendant being sued and the capacity in which Plaintiff is suing each Defendant. Plaintiff should state specific facts meeting the legal standard for each claim she is bringing. **Plaintiff is encouraged to use the attached Central District civil rights complaint form when filing the amended complaint.**

Plaintiff is advised that an amended complaint supersedes the prior complaint. This means that the filing of a First Amended Complaint entirely supplants or replaces the original or any prior complaint, which is treated thereafter as nonexistent. Thus, the First Amended Complaint must be complete in itself including exhibits, without reference to the Complaint. *See* C.D. Cal. L.R. 15-2. Plaintiff must name all Defendants and allege claims against each of them in one complaint. Therefore, the First Amended Complaint, if Plaintiff chooses to file one, must contain all claims Plaintiff intends to bring in this action against all Defendants she intends to sue.

Plaintiff is advised that this Court's determination herein that the allegations in the Complaint are insufficient to state a particular claim should not be seen as dispositive of the claim. Accordingly, although the undersigned Magistrate Judge believes Plaintiff has failed to plead sufficient factual matter in the pleading, accepted as true, to state a claim for relief that is plausible on its face, Plaintiff is not required to omit any claim or Defendant in order to pursue this action. However, if Plaintiff decides to pursue a claim in an amended complaint that the undersigned previously found to be insufficient, then pursuant to 28 U.S.C. § 636, the undersigned ultimately likely will submit to the assigned District Judge a recommendation that such claim may be dismissed with prejudice for failure to state a claim, subject to Plaintiff's right at that time to file objections. *See* Fed. R. Civ. P. 72(b); C.D. Cal. L.R. 72-3.

- Option 2: Proceed with the Complaint

Plaintiff may proceed with the Complaint in its current form. To do so, Plaintiff must file a statement with the Court stating that she wishes to select Option 2 and request

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  **8:23-cv-02300-HDV-MAA**                                    Date: **March 26, 2024**

Title       **Lajuana Danette White v. Fesia Davenport et al.**

that the Court reinstate the Complaint, despite the infirmities described in this Order.

Plaintiff is cautioned that, for the reasons detailed in this Order, the Complaint likely will be found to be insufficiently pled. If Plaintiff selects Option 2, it will be viewed by the Court as the inability to cure the defects identified in this Order. As such, the Court would recommend dismissal of this lawsuit to the District Judge.

- Option 3: Voluntary Dismissal

Plaintiff is not required to file an amended complaint. If Plaintiff no longer wishes to pursue this action in its entirety or with respect to particular Defendants, she voluntarily may dismiss this action or particular Defendants by filing a Notice of Dismissal in accordance with Rule 41(a)(1) (a Notice of Voluntary Dismissal form is attached).

**Plaintiff is cautioned that failure to respond to this Order may result in a recommendation that the lawsuit be dismissed without prejudice for failure to prosecute and/or failure to comply with a court order pursuant to Federal Rule of Civil Procedure 41(b). See** C.D. Cal. L.R. 41-1.

IT IS SO ORDERED.

Attachments

Notice of Voluntary Dismissal Form
Civil Rights Complaint Form (CV-66)